THE ATTORNEY GENERAL
OF TEXAS
ATTORNEY GENERAL


February 11, 1972

Honorable Jim Bates, Chairman
Legislative Property Tax Committee
105 West Riverside Drive
Austin, Texas   78704

Dear Senator Bates:

Opinion No. M- 1067

Re:   Whether the provisions of
      Article 664-3, Vernon's
      Civil Statutes (State Pur-
      chasing Act), apply to the
      Legislative Property Tax
      Committee created by Article
      7100, Vernon's Civil Statutes.

        Your request for an opinion on the above subject matter
asks whether the Legislative Property Tax Committee is required to
purchase supplies, materials and equipment through the State Board
of Control or whether the Legislative Property Tax Committee may
make such purchases itself.

        Senate Bill 414, Acts 62nd Legislature, R.S. 1971, Ch. 221,
page 1063, amends Article 7100, Revised Civil Statutes of Texas,
1925.  Section 1 of Article 7100, as amended, creates the Legislative
Property Tax Committee.  Subdivision (f) of Section 3 of Article 7100,
as amended, provides:

        ". . .

        "(f)  The Committee shall have power and
    authority to expend its funds, hereinafter pro-
    vided, to employ and compensate all necessary
    consultants, investigators and other personnel,
    to contract for materials and services as re-
    quired and to pay travel, telephone and other
    official expenses approved by the Committee."

        Section 5 of Article 664-3, Vernon's Civil Statutes, as
amended by Senate Bill 373, Acts 62nd Legislature, R.S. 1971, Ch.
57, page 109, provides in part:

        "Sec. 5.  The Board shall purchase all supplies,
    materials, services and equipment used by each

department of the State government, including
the State Prison System, and each eleemosynary
institution, Teachers College, Agricultural and
Mechanical College, University of Texas, and each
and all other State schools or departments of the
State government heretofore or hereafter created,
such supplies to include furniture and fixtures,
technical instruments and books, and all other
things required by the different departments or
institutions, including perishable goods. . . ."
(Emphasis added).

Subdivision (c) of Section 3 of Article 664-3, Vernon's
Civil Statutes, defines "Department of State Government" as follows:

"(c)  The term 'Department of State Govern-
ment' includes only departments and agencies of
the type heretofore required to make purchases
through the Board of Control.  River authorities,
conservation and reclamation districts, and other
political subdivisions created by the Legislature
are not required to purchase through the Board
of Control unless some other statute specifically
requires it."

We find no provision in Senate Bill 414, Acts 62nd Legisla-
ture, R.S. 1971, which exempts the Legislative Property Tax Committee
from the provisions of Article 664-3, Vernon's Civil Statutes.  You
are accordingly advised that purchases of supplies, materials and
equipment by the Legislative Property Tax Committee are to be made
through the State Board of Control pursuant to the provisions of
Article 664-3, Vernon's Civil Statutes.

S U M M A R Y

Purchases of supplies, materials and equip-
ment by the Legislative Property Tax Committee
are to be purchased through the State Board of
Control pursuant to the provisions of Article
664-3, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-5213-

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Malcolm Quick
Max Hamilton
Rex White
Marietta Payne

SAMUEL D. McDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant